UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO.<br><br>3:10cv-654 M |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| ASPEN NURSING SERVICES, INC.,<br>d/b/a ASPEN COMMUNITY LIVING, | )<br>)<br>) | |
| Defendant. | )<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to Section 17, 29 U.S.C. § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter the "Act") to have Defendant enjoined from violating the Act's provisions at Section 6, 29 U.S.C. § 206(a)(1), Section 7, 29 U.S.C. § 207(a)(1), and Section 11(c), 29 U.S.C. § 211(c); and, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant, Aspen Nursing Services, Inc., a corporation having places of business and doing business in Kentucky as "Aspen Community Living," at all times hereinafter mentioned has

been engaged in the provision of support services to client individuals with developmental and physical disabilities.

### III

At all times hereinafter mentioned:

A.      Defendant, engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r); and

B.      Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### IV

Since at least October of 2008, Defendant repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

### V

Since at least October of 2008, Defendant repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer

than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since at least October of 2008, Defendant, an employer subject to the provisions of the Act, repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by Defendant, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, plaintiff prays for Judgment:

1.     Permanently enjoining defendants, their agents, servants, employees and all persons in active concert or participation with them, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act [29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5)] in accordance with Section 17 of the Act [29 U.S.C. § 217];

2.     Restraining the withholding of payment of wages found by the Court to be due employees who worked for defendants as direct care providers (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) under the FLSA, for a period of two years prior to the commencement of this action in accordance with Section 17 of the Act [29 U.S.C. § 217] and for such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action; and

3.      Alternatively, awarding back wages for a period of two years prior to the commencement of this action and an additional equal amount as liquidated damages to employees who worked for defendants as direct care providers (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

4.      For such other and further relief as may be necessary and appropriate, including interest and costs of this action.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor
BPR No. 371708

STANLEY E. KEEN
Regional Solicitor
BPR No. 410642

THERESA BALL
Associate Regional Solicitor
BPR No. 002526

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street
Suite 230
Nashville, Tennessee  37219-2456

Telephone:  (615) 781-5330, Ext. 234
Fax No.:  (615) 781-5321
Email: fedcourt.nash@dol.gov
        Morholt.neil@dol.gov

/s/Neil A. Morholt
NEIL A. MORHOLT
Attorney
BPR No. 018143

U. S. Department of Labor
Attorneys for the Plaintiff